THORNAL, Justice.
By petition for certiorari we have for review an order of the Florida Industrial Commission reversing a workmen’s compensation award entered by a judge of industrial claims.
The sole point involved is whether the order of the industrial judge was supported by competent, substantial evidence.
Claimant John Stokes allegedly injured his arm when he fell off a scaffold on February 9, 1967, while in the employ "of respondent Sabre. He w,as not a regular employee. He apparently earned his living “catching breaks” — defined as waiting at a designated place to be picked up for hourly employment. On the day of the alleged accident he did not request or receive remedial treatment. His testimony reflects that his arm was “kind of hurting” but that he thought it was just “sprung.” He testified the accident occurred between 1:30 P.M. and 2:00 P.M. and that he continued working the remainder of the day, handing blocks to a brick mason. A co-employee verified claimant’s fall from the scaffold. Claimant further testified that later in the day he could not handle the blocks with his right arm. He said that he still lifted the blocks by using his left arm and hand. Subsequent to the employment by respondent, he continued in his attempts to get “breaks.”
*626 Some five days after the alleged accident at approximately 8:00 P.M., on February 14, 1967, claimant was arrested by the Miami police for public drunkenness. On the following day, February IS, 1967, claimant was taken to Jackson Memorial Hospital because of right arm complaints. This was the first medical attention he received. The hospital records disclose that x-rays were taken and a comminuted fracture of the midshaft of the right ulna was disclosed. The medical history in the hospital records disclose a notation to the effect that claimant “was hit on the arm one day ago.” The same record, however, notes claimant’s fracture was “? days old.” These records further reflect that there was also a laceration. The claimant’s testimony did not reveal that he suffered a laceration or broken skin at the time of his alleged fall.
At the hearings on petitioner’s claim, conflicting medical testimony and reports were submitted. Dr. Robert Gilbert, who testified on behalf of claimant, stated that he examined Stokes on May 22, 1967. He found that Stokes was not in need of further treatment and could return to work. Dr. Gilbert stated that within reasonable medical probability claimant had sustained a 1.5% permanent disability of his right arm. This doctor, who did not examine the hospital x-rays, further testified that based on the history furnished by the claimant he believed the accident described by claimant was the cause of his fracture and disability. Dr. Robert Gilbert also expressed the view that a person sustaining the type of fracture claimant had, could continue working by using his other arm.
Dr. Gassman, a radiologist who had occasion to study the x-rays of claimant’s arm, testified on behalf of the respondents. Dr. Gassman stated that the x-rays indicated very sharp fracture lines which suggested that claimant’s fracture was less than one week old. Dr. Pasternack testified for the respondents to the effect that the x-rays of claimant’s fracture indicate that he would experience severe pain within several hours and swelling within the same period, depending on the extent of use of the fractured arm. Dr. Pasternack opined that the x-rays of claimant’s arm were consistent with a one-day old fracture. His opinion was that claimant’s fracture probably could not have been more than three to five days old when the x-rays were taken. Dr. Michael Gilbert was appointed by the industrial judge to examine claimant. He estimated claimant’s residual disability of the arm at 10-15% permanent disability His view of the x-rays led him to feel that a delay in discovery of the fracture for several days after the fall would not be unreasonable.
On December 21, 1967, the judge entered an order finding that claimant sustained a comminuted fracture of the ulna of his right arm when he fell from a scaffold while in the employ of respondent. The judge found that claimant reached maximum medical improvement by May 27, 1967, and sustained a 15% permanent partial disability of his right upper extremity as a result of his industrial accident. He awarded compensation accordingly.
The Full Commission by a 2-1 decision reversed the order of the industrial judge. They held that the only logical inference to be drawn from the evidence was that the claimant suffered an injury to his arm some time subsequent to his employment with respondent. Therefore, they concluded that the findings of fact by the judge were not supported by competent, substantial evidence which accords with logic and reason. The dissent by one commissioner pointed out that conflicts in the evidence were resolved by the industrial judge. The dissenting Commissioner expressed the view that there was competent, substantial evidence to support the judge’s findings.
Petitioner contends that the Commission majority invaded the province of the deputy. We are asked to quash the Commission order and reinstate the order of the deputy.
The Full Commission majority reversed the industrial judge because of what it *627 termed a “credibility gap” between acceptable testimony and the conclusion reached by the judge. Actually, the “credibility gap” expression is merely descriptive language to announce that the reviewing Commission did not believe the witnesses who were believed by the judge. However, he was in the better position to evaluate the testimony and measure the credibility of the witnesses.
We see no need to extend this discussion ad infinitum. In this type of situation, the test is not whether we or the Full Commission would have reached the same factual conclusion as that reached by the judge. When the evidence conflicts or permits different inferences, the judgment of the trier of the facts will not be disturbed if such evidence is competent and substantial. It is possible that we might have reached a conclusion different from that reached by the industrial judge in the instant case. That, however, is not the measure of our appellate authority. There was in fact competent, substantial evidence to support his judgment. The Full Commission committed error in reversing him. United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1951).
The order of the Full Commission is quashed and the cause is remanded with directions to reinstate the compensation order of the industrial judge.
It is so ordered.
ERVIN, C. J., and ROBERTS and DREW, JJ., concur.
CALDWELL (retired), J., dissents.